UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **MICHELE LAND, as independent executrix of the estate of Jerry Don Land and individually,** § § § § | |
| plaintiff, § § | |
| § | Case 6:22-CV-447 |
| v. § § | |
| **NEWREZ LLC dba Shellpoint Mortgage Servicing,** § § § | |
| defendant. § | |

## SHELLPOINT'S REMOVAL NOTICE

NewRez LLC dba Shellpoint Mortgage Servicing (**Shellpoint**) removes Michelle Land's, as independent executrix of the estate of Jerry Don Land and individually, state court action to this court pursuant to 28 USC §§ 1331, 1332 and 1441.

### I.  STATEMENT OF THE CASE

1.      On April 14, 2022, Mr. Land, as independent executrix of the estate of Jerry Don Land and individually, sued Shellpoint in the 74th District Court of McLennan County, Texas in the case styled *Michele Land, as Independent Executrix of the Estate of Jerry Don Land and Individually v. NewRez LLC dba Shellpoint Mortgage Servicing* and assigned case 2022-1198-3.  (orig. pet., **ex. 1**.)

2.      Ms. Land claims she inherited the property at 613 Pebble Creek Drive, Hewitt, Texas 76643 after her father, Jerry Don Land, died on December 30, 2017.  (*Id.* at ¶ 5(A), **ex. 1**.)  She contends she opened probate for her father's estate, was appointed independent executrix, and deeded the property to herself.  (*Id.*)  Ms. Land acknowledges her father granted a deed of trust against the property.  (*Id.*)  She claims she provided the successor to the deed of trust, Ditech Financial LLC,

notice of her appointment and ownership of the property in March 2019, and Ditech acknowledged the notice by asserting its debt. (*Id*.)

3. Ms. Land sues to enjoin Shellpoint from foreclosing the deed of trust. (*Id.* at ¶ 5(C), **ex. 1**.) Ms. Land argues Shellpoint should have provided her with notice of the default and opportunity to cure before accelerating the debt. (*Id.* at ¶ 6, **ex. 1**.) She complains the foreclosure notice is addressed to her deceased parents and references a different deed of trust. (*Id*.) Ms. Land also claims Shellpoint accelerated the debt upon the death of her father, failed to properly establish a claim under the Texas Estates Code and failed to establish its standing to foreclose. (*Id*.)

4. Ms. Land asserts causes of action for violation of (**1**) the Texas Property Code, (**2**) the Texas Estate Code, (**3**) the federal Fair Debt Collection Practices Act (**FDCPA**) and (**4**) the Texas Debt Collection Act. (*Id*. at ¶¶ 6-8, submission, **ex. 1**.) She also sues for declarations regarding Shellpoint's ownership of the note and deed of trust and the amount owed. (*Id*.) She seeks attorneys' fees and court cost. (*Id*. at submission, **ex. 1**.)

## II. BASIS FOR FEDERAL QUESTION JURISDICTION

5. Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This court has federal question jurisdiction of this case under 28 USC §§ 1331 and 1441 because Ms. Land asserts a violation of the FDCPA. (*Id.* at ¶¶ 6, 8, **ex. 1**). The court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy." 28 USC § 1367(a).

## III. BASIS FOR DIVERSITY JURISDICTION

6. The court may exercise diversity jurisdiction because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000. 28 USC § 1332(a); *Lincoln*

**SHELLPOINT'S REMOVAL NOTICE**                                                                                                                                **Page 2 of 6**
Case 6:22-cv-447; *Michele Land, as independent executrix and individually v. NewRez LLC dba Shellpoint Mortgage Servicing*

*Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Id*. at 84.  Only the citizenship of the real parties in interest is considered for diversity jurisdiction purposes.  *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857–58 (5th Cir. 2003).

**A.     The real parties in interest are diverse.**

7.     Ms. Land is a citizen of Texas because states she is domiciled at 613 Pebble Creek Drive, Hewitt, Teas 76643.  (orig. pet. at ¶ 2, **ex. 1**.)  *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

8.     Shellpoint is a citizen of Delaware and New York.  Shellpoint is an assumed name of NewRez LLC, a Delaware limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  NewRez LLC has one member: Shellpoint Partners LLC, a Delaware limited liability company.  Shellpoint Partners LLC has two members: (**1**) NRM Acquisition LLC and (**2**) NRM Acquisition II LLC, both of which are Delaware limited liability companies.  They each have just one member: New Residential Mortgage LLC, a Delaware limited liability company.  New Residential Mortgage LLC has one member: New Residential Investment Corp.  New Residential Investment Corp. is a Delaware corporation with its principal place of business in New York.

**B.     The amount in controversy exceeds $75,000.**

9.     When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition.  28 USC § 1446(c)(2).  If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the plaintiff's claims.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v.*

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This requirement can be satisfied if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  *Id*. (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

10. Ms. Land seeks both declaratory and injunctive relief.  (*Id.* at ¶7 and submission, **ex. 1**).  "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation."  *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

11. The object of this litigation—613 Pebble Creek Drive, Hewitt, Texas 76643—is valued at $199,750 by the McLennan County Appraisal District.  (McLennan county appraisal dist. report, **ex. 5**.)  *See e.g.*, *Anderson v. Wells Fargo Bank, N.A.*, No. 4:12-cv-764, 2013 WL 1196535, at *3 (E.D. Tex. Feb. 22, 2013) ("The property at issue in this lawsuit has a current fair market value of $259, 436, according to the Harris County Central Appraisal District.  Therefore, Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.")  The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction

### IV.     PROCEDURAL REQUIREMENTS SATISFIED

12. Shellpoint has not been formally served with a summons and Ms. Land's complaint.  Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of the date defendants were served with a copy of the complaint and summons, if at all.  *Murphy Bros., Inc. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (requiring formal service of process to trigger removal deadline). Venue is proper in this court because the United States District Court for the Western District of Texas embraces the place in which the state court action was pending. 28 USC § 1441(a).

13. Notice has been sent to the state court regarding this removal. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-3**.

## V.   CONCLUSION

This court may exercise federal jurisdiction over this action as Ms. Land asserts a claim arising under federal statutes and regulations, as well as diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000.

Date: May 3, 2022                                                         Respectfully submitted,


   */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr., SBN: 24000095
Michael.mckleroy@akerman.com
 --*Attorney in Charge*
C. Charles Townsend, SBN: 24028053
charles.townsend@akerman.com
Bryan T. Brown, SBN: 24055219
bryan.brown@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT
NEWREZ LLC dba Shellpoint
Mortgage Servicing**

## **CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on May 3, 2022 as follows:

Stephen D. Howen
Law Office of Steve Howen
7111 Bosque Blvd., Suite 305
Waco, Texas 76710
*Attorneys for plaintiff*
**VIA ECF**
**AND CERTIFIED MAIL RECEIPT**
**NO. 9414 7266 9904 2186 4841 05**

          */s/ Michael J. McKleroy, Jr.*
          Michael J. McKleroy, Jr.